Bret P. Bryce (#13042)
BRYCE LAW, PLLC
721 Fondi Ct. Ste. K101
South Jordan, Utah 84095
t: (801) 696-4644
e: bret@brycelawoffices.com
*Attorneys for Plaintiff*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RODNEY WARD, an individual, Plaintiff, <br><br> v. <br><br> KETAN SONI, a/k/a KK SONI, an individual, A&A HOSPITALITY GROUP, LLC, dba LA QUINTA OREM, a Utah limited liability company <br><br> Defendant. | **COMPLAINT** <br><br> Civil No. 25-cv-703 <br><br> Judge: _____ |

Comes now Plaintiff Rodney Ward, by and through undersigned counsel, and alleges against

Defendants as follows:

## PARTIES, JURISDICTION, VENUE

1. At all times relevant to this matter, Plaintiff was a resident of Utah County, Utah.

2. Upon information and belief, at all times relevant to this matter, Ketan Soni was a resident of Utah County, Utah.

3. At all relevant times, Ketan Soni was acting in his own interests and as an agent of A&A Hospitality Group, LLC and other entities [hereinafter the "other entities"].

4. The acts and omissions complained of herein occurred in Utah County, Utah.

Complaint – page 1
*Ward v. Soni, A&A Hospitatlity*

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) for claims arising under the Fair Labor Standards Act and the Americans with Disabilities Act. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district and a substantial part of the events giving rise to the claims occurred in this district.

## **GENERAL ALLEGATIONS**

7. Ketan Soni owns and operates for-profit companies that own and manage commercial hospitality companies, among other things.

8. Upon information and belief, Ketan Soni is a director and/or officer of A&A Hospitality Group, LLC.

9. Upon information and belief, A&A Hospitality Group, LLC owns and operates commercial hospitality properties, including La Quinta Hotel located at 1100 W 780 N, Orem, Utah 84057.

10. Upon information and belief, Ketan Soni exercises day-to-day control of his employees.

11. Ketan Soni's control of operations included the ability to hire and fire, to supervise and control work schedules and conditions of employment, and to determine the rate and method of payment of wages.

12. Ketan Soni was involved in the supervision and payment of employees, including Plaintiff.

13. Ketan Soni acted directly and indirectly in the interest of A&A Hospitality Group, LLC and other entities in relation to Plaintiff.

Complaint – page 2
*Ward v.Soni, A&A Hospitatlity*

14. Around October 17, 2012, Ketan Soni hired Mr. Ward as a Night Auditor at La Quinta Hotel in Orem, Utah.

15. Mr. Ward is a United States Navy veteran who served his country dutifully.

16. Mr. Ward has spinal stenosis, degenerative disks, and disk bulges in his back and neck that requires him to take prescription medication and restricts his ability to perform heavy lifting.

17. Mr. Ward provided Defendants with a doctor's note documenting his medical restrictions and inability to perform heavy lifting and lift his arms above his head to perform duties such as washing and folding laundry.

18. Despite knowledge of Mr. Ward's medical limitations, Defendants required him to perform duties involving lifting in violation of his doctor's orders by threatening him with termination.

19. Mr. Ward's rate of pay based on a 40 hour week was $25/hr ($52,000/yr).

20. Mr. Ward's regular work schedule was approximately 11:00 p.m. to 8:00 a.m., and he consistently worked approximately 63 hours per week, including 23 hours of overtime weekly over the 40 hour time period provided by the FLSA.

21. Ketan Soni also expected Mr. Ward to perform work outside his regularly scheduled hours.

22. Mr. Ward's duties included making breakfast, patrolling the parking lot, auditing the night books, doing laundry, cleaning, maintenance tasks, attend to all guest needs, and taking care of any problems that came up during the night shift.

23. Mr. Ward never supervised any other employees and never had discretion to hire, fire, or determine employee compensation or determine room rates.

24. Mr. Ward's position was non-exempt employee under the Fair Labor Standards Act.

25. Ketan Soni did not provide a clock-in or clock-out system for Mr. Ward to record or report his hours worked.

26. Ketan Soni typically paid Mr. Ward's wages semi-monthly on the 5th and 20th of each month.

27. Ketan Soni did not compensate Mr. Ward for any overtime wages, paying him only his regular rate of $25.00 per hour for all hours worked, and did not pay him for overtime hours.

28. Ketan Soni did not provide paystubs showing hours worked or deductions.

29. In September 2018, Mr. Ward voluntarily came forward regarding a minor incident involving borrowing $5 and offered to pay $500 to resolve the matter after Defendants making criminal threats, demonstrating his honesty and integrity.

30. Despite this minor 2018 incident, Defendants retained Mr. Ward's employment for over six additional years, demonstrating that such conduct was not viewed as grounds for termination.

31. Mr. Ward complained to management about unpaid overtime wages.

32. Mr. Ward requested reasonable accommodations for his documented medical disability.

33. On or around December 1, 2024, in retaliation for Mr. Ward's wage complaints and accommodation requests, Ketan Soni terminated Mr. Ward's employment.

34. Defendants' stated reasons for termination were pretextual, as evidenced by their retention of Mr. Ward for over six years after the minor 2018 incident.

### **Respondeat Superior**

36. At all relevant times, Ketan Soni was employed by A&A Hospitality Group, LLC and other entities.

37. A&A Hospitality Group, LLC and other entities had a right to control the work of Ketan Soni, including the right to dictate the means and details of how Ketan Soni would complete his tasks.

38. Upon information and belief, Ketan Soni was acting within his general authority in managing Mr. Ward's employment.

39. The actions taken by Ketan Soni were in furtherance of A&A Hospitality Group, LLC and other entities' business.

40. The actions taken by Ketan Soni were for the benefit of A&A Hospitality Group, LLC and other entities.

41. The actions taken by Ketan Soni were to accomplish objectives for which Ketan Soni was employed.

42. A&A Hospitality Group, LLC and other entities may be liable for the actions taken by Ketan Soni that were within the scope of their business.

## Employee Status

43. Mr. Ward was dependent on Ketan Soni for work.

44. At the time Mr. Ward was working for Ketan Soni, Mr. Ward was not in business for himself.

45. Defendants monitored Mr. Ward's work.

46. Defendants controlled Mr. Ward's work.

47. Defendants retained and exercised a right to oversee, supervise, manage, and direct Mr. Ward's work.

48. Defendants provided the equipment and materials required for Mr. Ward's tasks.

Complaint – page 5
*Ward v.Soni, A&A Hospitatlity*

49. Mr. Ward did not make any substantial investment in equipment or materials required to perform his work for Defendants.

50. Mr. Ward was not permitted to hire his own helpers to perform his work for Defendants.

51. Mr. Ward's work was thoroughly integrated into the A&A Hospitality Group, LLC business.

52. Mr. Ward did not retain control over how much or when to work.

53. Mr. Ward's ability to make a profit or incur a loss did not depend on his initiative or management.

54. Mr. Ward had no control over his own profits or losses through either selecting his hours or improving his technique.

55. Mr. Ward's position at A&A Hospitality Group, LLC was permanent between his hiring and firing, and was not based on discrete projects.

56. Mr. Ward did a wide variety of tasks for Defendants; he did what he was asked to do.

57. Mr. Ward was interdependent with Defendants in his work.

58. There was no agreement that reflected an independent contractor relationship.

59. Ketan Soni took responsibility for Mr. Ward's work.

60. Mr. Ward was working in a position that is traditionally done by employees, not independent contractors.

## Personal Liability under the Fair Labor Standards Act

61. Ketan Soni acted directly or indirectly in the interest of an employer in relation to Mr. Ward.

62. Upon information and belief, Ketan Soni is an owner and/or member of A&A Hospitality Group, LLC and other entities, with significant ownership interest in those entities.

63. Upon information and belief, Ketan Soni had control over A&A Hospitality Group, LLC and other entities' financial affairs and compensation practices.

64. Ketan Soni had operational control of all significant aspects of the companies' day to day functions, including compensation of employees, setting employees' wages, and dictating employees' schedules.

65. Ketan Soni personally caused the company to compensate (or not to compensate) employees in accordance with the Utah Payment of Wages Act and Fair Labor Standards Act.

66. Ketan Soni acted willfully when he determined not to pay Mr. Ward for some hours worked—including overtime wages.

67. Ketan Soni willfully disguised overtime pay violations by not listing hours worked on any paystubs.

68. Ketan Soni either knew his conduct was prohibited by the UPWA and FLSA, or showed reckless disregard for whether his conduct was prohibited by the UPWA and FLSA.

69. To the extent he was acting for other entities, Ketan Soni is liable for A&A Hospitality Group, LLC's and/or those other entities' violations of UPWA and FLSA, including the damages suffered by Mr. Ward.

70. Mr. Ward financially supports himself and family members.

71. Mr. Ward worked long hours because Mr. Ward and his family members relied on Mr. Ward's income.

72. Working long hours without being fully compensated was physically, mentally, and emotionally difficult for Mr. Ward.

## FIRST CAUSE OF ACTION
### (Failure to pay regular and overtime wages under the Fair Labor Standards Act)

73. All preceding paragraphs are incorporated by reference.

74. An employment relationship existed between Plaintiff and Defendants.

75. Upon information and belief, at all relevant times, Ketan Soni engaged in interstate commerce by providing hospitality services and maintaining hospitality properties, among other things.

76. Upon information and belief, at all relevant times, Ketan Soni and A&A Hospitality Group, LLC made gross revenues above $500,000 per year.

77. In Plaintiff's work for Defendants, Plaintiff was engaged in commerce by taking calls from and checking in guests traveling between states, among other things.

78. Defendants failed to pay Plaintiff time and a half for all hours worked by Plaintiff in excess of 40 hours in one or more workweeks.

79. The time spent working by Plaintiff was primarily for the benefit of Defendants and/or Defendants' businesses.

80. Defendants knew or should have known that such work was being performed.

81. Defendants failed to maintain accurate records of Plaintiff's hours worked.

82. Defendants knew that requiring Plaintiff to work without proper overtime compensation was prohibited by federal law, or showed reckless disregard for whether such conduct was prohibited by federal law.

83. Plaintiff suffered damages as a result of Defendants' failure to pay wages.

84. Defendants acted willfully and/or in bad faith when they failed to pay Mr. Ward's regular and overtime wages.

Complaint – page  8
*Ward v.Soni, A&A Hospitatlity*

85. Ketan Soni acted on behalf of A&A Hospitality Group, LLC and other entities, for their benefit, and within his authority when he took these actions.

86. Ketan Soni is liable for willful violations of the FLSA.

## SECOND CAUSE OF ACTION
### (Failure to Accommodate Disability under the Americans with Disabilities Act)

87. All preceding paragraphs are incorporated by reference.

88. Mr. Ward has a disability within the meaning of the ADA, specifically a medical condition requiring prescription medication that limits his ability to perform heavy lifting.

89. Defendants had actual knowledge of Mr. Ward's disability through the doctor's note he provided documenting his lifting restrictions.

90. Mr. Ward was a qualified individual with a disability who could perform the essential functions of his job with or without reasonable accommodation.

91. Defendants failed to engage in the interactive process to determine reasonable accommodations for Mr. Ward's disability.

92. Reasonable accommodations were available that would have allowed Mr. Ward to perform his job duties without heavy lifting.

93. Providing such accommodations would not have imposed an undue hardship on Defendants.

94. Despite knowledge of Mr. Ward's medical restrictions, Defendants required him to perform heavy lifting duties in violation of his doctor's orders.

95. Defendants' failure to accommodate Mr. Ward's disability caused him physical pain, emotional distress, and exacerbation of his medical condition.

96. Defendants' conduct violated the ADA, 42 U.S.C. § 12112.

### THIRD CAUSE OF ACTION
### (Retaliation under the Americans with Disabilities Act)

97. All preceding paragraphs are incorporated by reference.

98. Mr. Ward engaged in protected activity under the ADA by requesting reasonable accommodations for his documented medical condition.

99. Defendants were aware of Mr. Ward's protected activity.

100.    Defendants terminated Mr. Ward's employment in December 2024.

101.    Mr. Ward's termination occurred shortly after his requests for accommodation and complaints about unpaid wages.

102.    The temporal proximity between Mr. Ward's protected activity and his termination, combined with Defendants' retention of him for over six years after a minor 2018 incident, establishes a causal connection between his protected activity and his termination.

103.    Defendants' stated reasons for termination were pretextual.

104.    Defendants' termination of Mr. Ward constituted unlawful retaliation in violation of the ADA, 42 U.S.C. § 12203.

### FOURTH CAUSE OF ACTION
### (Retaliation under the Fair Labor Standards Act)

105.    All preceding paragraphs are incorporated by reference.

106.    Mr. Ward engaged in protected activity under the FLSA by complaining about unpaid overtime wages.

107.    Defendants were aware of Mr. Ward's complaints about wage violations.

108.    Defendants terminated Mr. Ward's employment in retaliation for his protected activity.

Complaint – page 10
*Ward v.Soni, A&A Hospitatlity*

109.     The temporal proximity between Mr. Ward's wage complaints and his termination establishes a causal connection.

110.     Defendants' conduct violated 29 U.S.C. § 215(a)(3).

## FIFTH CAUSE OF ACTION
### (Violations of the Utah Payment of Wages Act)

111.     All preceding paragraphs are hereby incorporated by reference.

112.     Defendants failed to pay Plaintiff's full wages semimonthly as required by the Utah Payment of Wages Act ("UPWA").

113.     Defendants failed to provide Plaintiff with a statement showing the total amount of hours worked and each deduction from his paycheck as required by the UPWA.

114.     Defendants failed to pay Plaintiff's full wages within 24 hours of Plaintiff's separation from payroll as required by the UPWA.

115.     Defendants failed to pay Plaintiff's full wages within 24 hours of Plaintiff's written demand as required by the UPWA.

116.     Defendants are liable for Plaintiff's unpaid wages under the UPWA.

117.     Defendants are liable for penalties for payment of late wages at a rate of 2.5% of the total amount of late-paid wages under the UPWA.

118.     Defendants are liable for penalties for failing to pay wages within 24 hours under U.C.A. § 34-28-5(1)(c), including 60 days of continuing wages.

119.     Defendants are liable for all amounts improperly deducted from Plaintiff's paychecks.

120.     At all relevant times, Ketan Soni acted as Plaintiff's employer.

121.     Ketan Soni was a member of A&A Hospitality Group, LLC and other entities, and was an "employer" as defined by U.C.A. § 34-28-2.

122.    Ketan Soni is liable for violations of the UPWA, including the damages suffered by

Plaintiff and statutory penalties.


## SIXTH CAUSE OF ACTION
### (Utah Antidiscrimination Act - Disability Discrimination)

123.    All preceding paragraphs are incorporated by reference.

124.    Mr. Ward is a person with a disability under the Utah Antidiscrimination Act.

125.    Defendants discriminated against Mr. Ward based on his disability by failing to

provide reasonable accommodations and terminating his employment.

126.    Defendants' conduct violated the Utah Antidiscrimination Act, U.C.A. § 34A-5-106.


## SEVENTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

127.    All preceding paragraphs are incorporated by reference.

128.    Mr. Ward's termination violated clearly established public policy as embodied in the

FLSA, ADA, and Utah employment laws.

129.    Mr. Ward was terminated for exercising his rights under federal and state wage and

hour laws and disability accommodation laws.

130.    Defendants' conduct undermines important public policies protecting workers' rights

to fair compensation and disability accommodation.


## EIGHTH CAUSE OF ACTION
### (Breach of Contract)

131.    All preceding paragraphs are incorporated by reference.

132.    Defendants offered to employ Plaintiff, and to compensate Plaintiff for his labor at

$25.00 per hour.

Complaint – page  12
*Ward v.Soni, A&A Hospitatlity*

133.     Plaintiff accepted Defendants' offer of employment.

134.     The parties had a meeting of the minds on the material terms of this agreement.

135.     Plaintiff provided labor for the benefit of Defendants and with Defendants' knowledge.

136.     Defendants breached the agreement by failing to pay overtime wages as required by law.

137.     Defendants breached the agreement by failing to accommodate Plaintiff's medical condition.

138.     Defendants breached the agreement by wrongfully terminating Plaintiff's employment.

139.     Plaintiff suffered damages as a result of Defendants' breach of contract.

## NINTH CAUSE OF ACTION
### (Breach of the Implied Duty of Good Faith and Fair Dealing)

140.     All preceding paragraphs are incorporated by reference.

141.     The parties did not, and could not feasibly reduce every understanding to a stated term in their contract.

142.     Nevertheless, inherent in the contract was a duty to deal fairly and to perform the contract in good faith.

143.     Inherent in the contract was a duty to refrain from actions that would deprive or harm the other's ability to obtain the benefits of the bargain.

144.     Defendants assigned Plaintiff tasks requiring work beyond his medical restrictions.

145.     Defendants required and/or permitted off-the-clock work to complete assigned tasks.

146.     Defendants wrongfully terminated Plaintiff in retaliation for asserting his legal rights.

Complaint – page 13
*Ward v.Soni, A&A Hospitatlity*

147.     Defendants breached the agreement's inherent duty of good faith and fair dealing.

148.     Plaintiff suffered damage and loss as a result of the breaches of good faith and fair dealing.

### TENTH CAUSE OF ACTION
### (Unjust Enrichment & Quantum Meruit)

149.     All preceding paragraphs are hereby incorporated by reference.

150.     This cause of action is pleaded in the alternative to the wage and hour claims.

151.     Plaintiff conferred a benefit on Defendants by performing labor.

152.     The labor was performed at Defendants' request, and with Defendants' knowledge.

153.     The acceptance of the labor by Defendants without adequate compensation is unjust and inequitable under the circumstances.

154.     Defendants acted willfully and/or in bad faith when they accepted Mr. Ward's labor with no intent to compensate him fully.

155.     Ketan Soni acted on behalf of A&A Hospitality Group, LLC and other entities, for their benefit, and within his authority when he took these actions.

156.     Defendants are liable to compensate Mr. Ward for the reasonable value of his services.

### ELEVENTH CAUSE OF ACTION
### (Attorney fees pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 1988, and U.C.A. § 34-27-1)

157.     All preceding paragraphs are incorporated by reference.

158.     Under 29 U.S.C. § 216(b) Plaintiff is entitled to a mandatory award of attorneys' fees:

"the court in such action shall, in addition to any judgment awarded to the plaintiff or

Complaint – page 14
*Ward v.Soni, A&A Hospitatlity*

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

159.    Under 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorney's fees for successful ADA claims.

160.    Plaintiff made a written demand to Defendants for payment of unpaid wages on May 23, 2025.

161.    More than 15 days passed between that demand and the filing of this suit.

162.    Under U.C.A. § 34-27-1, if Plaintiff is found to be owed an amount equal to or greater than the amount demanded, "then it shall be the duty of the court before which the case shall be tried to allow the plaintiff a reasonable attorneys' fee in addition to the amount found due for wages, to be taxed as costs of suit."

1.  WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    For judgment against Defendants in an amount to be determined at trial for Plaintiff's compensatory, direct, and consequential damages, and statutory damages and penalties;

B.    For judgment against Defendants in the amount of Plaintiff's unpaid regular and overtime wages;

C.    For liquidated damages in an amount equal to the unpaid regular and overtime wages per 29 U.S.C. § 216(b);

D.    For compensatory and punitive damages for disability discrimination and retaliation;

Complaint – page  15
*Ward v.Soni, A&A Hospitatlity*

E.      For statutory penalties under the Utah Payment of Wages Act;

F.      For pre-judgment and post-judgment interest;

G.      For attorney's fees, expenses, and costs incurred in bringing and maintaining this action; and

H.      For such other relief as the Court deems just and appropriate under the circumstances

2. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right under the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

DATED this 20th day of August, 2025.

BRYCE LAW PLLC

*/s/ Bret P. Bryce*
Bret P. Bryce
*Attorneys for Plaintiff*