IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RODNEY WARD, an individual,<br><br>　　　　　　Plaintiff,<br><br><br><br>v.<br><br>KETAN SONI, aka KK SONI, an individual; and A&A HOSPITALITY GROUP, LLC, dba LA QUINTA OREM, a Utah limited liability company,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO AMEND, GRANTING MOTION TO RECONSIDER, AND SETTING DEADLINES FOR SERVICE**<br><br>Case No. 2:25-cv-00703<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

　　　　On August 20, 2025, Plaintiff Rodney Ward filed a Complaint against Defendants Ketan Soni, aka KK Soni, and A&A Hospitality Group, LLC, dba La Quinta Orem, asserting claims for violations of the Fair Labor Standards Act, the Americans with Disabilities Act, and various state law causes of action. (ECF No. 1.) Mr. Ward then filed a motion on February 7, 2026, seeking an extension of time for service on the basis that the Defendants had agreed to accept service over email, that Mr. Ward had emailed a summons and a copy of the Complaint on November 19, 2025, that the Defendants had confirmed receipt of service on November 21, 2025, and that the Defendants had stated that they did not intend to object to the timing of the email (which occurred one day after the 90-day deadline for service set by Rule 4(m) of the Federal Rules of Civil Procedure). (Mot. Extension, ECF No. 8.) The court granted that motion and deemed that service was timely and effective. (Order Granting Mot. Extension, Feb. 9,

1

2026, ECF No. 11.)  Because the Defendants had not filed an answer or other response to the Complaint, the court then entered default against A&A Hospitality Group and Ketan Soni.  (ECF No. 12.)

Several motions have followed.  First, Mr. Ward has filed a "Motion to Correct Caption" seeking to correct the name of Defendant Ketan Soni to Ketankumar Soni and the name of Defendant A&A Hospitality Group, LLC to A & A Hospitality, LLC.  (ECF No. 13.)  Second, Mr. Ward moves the court to enter default judgment against the Defendants.  (ECF No. 14.)

Meanwhile, Ketankumar Soni and A & A Hospitality, LLC, who have styled themselves as the "Moving Parties" (the Movants), have filed a motion to dismiss for insufficient service of process.  (ECF No. 15.)  These parties have also filed a motion to set aside the court-entered default against the Defendants (ECF No. 20) and a motion asking the court to reconsider its previous order granting an extension of time for service (ECF No. 21).

## ANALYSIS

The court agrees with the Movants that it is appropriate to reconsider the court's previous order deeming that there was effective and timely service.  Neither the Utah Rules of Civil Procedure nor the Federal Rules of Civil Procedure (which permit, among other methods for serving an individual or an association, that a party may "follow state law") allow service over email.  See Utah R. Civ. P. 4(d); Fed. R. Civ. P. 4(e), (h).  And although a party may waive service, Rule 4(d) of the Federal Rules of Civil Procedure contemplates that a party requesting waiver will use "the waiver form appended to this Rule 4 …."  Fed. R. Civ. P. 4(d)(1)(C).[1]

---

[1] That form is available at: https://www.uscourts.gov/forms-rules/forms/waiver-service-summons.

Accordingly, the court vacates its previous order deeming service effective and finds that there has been no proper service or formal waiver of service in this matter.

But the court is not persuaded that the consequences of this failure should include the dismissal of this lawsuit. The correspondence between the parties demonstrates that the Movants have had notice of this lawsuit since at least August 1, 2025 (even before Mr. Ward filed his Complaint). On that date, Movants' counsel emailed Mr. Ward's counsel and stated: "Yes, I will accept service on behalf of my clients." Indeed, these parties have been engaged in settlement discussions and planned to mediate the dispute in February. (See ECF No. 20 at 2.) And the minor differences between the names of the parties designated in the Complaint and the real parties in interest (A & A Hospitality, LLC, instead of A&A Hospitality Group, LLC; and Ketankumar Soni instead of Ketan Soni) are insufficient to generate any real confusion about the identity of the Defendants in this suit.

Under Rule 15 of the Federal Rules of Civil Procedure, an amendment changing the name of a party in a pleading will relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" and the party to be brought in by amendment "received such notice of the action [within the period provided by Rule 4(m)] that it will not be prejudiced in defending on the merits[.]" Fed. R. Civ. P. 15(c)(1)(B)–(C). These requirements have been met, as Mr. Ward's requested amendments merely correct the names of the Defendants and the Movants cannot claim that they will be prejudiced in defending the merits of a lawsuit that they are actively mediating and of which they have been aware for months.

3

Moreover, the Movants selectively read Rule 4(m), which states: "If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant <u>or order that service be made within a specified time</u>." Fed. R. Civ. P. 4(m) (emphasis added). Indeed, the court <u>must</u> extend the time for service where a plaintiff shows good cause. <u>Id.</u> Accordingly, the court has discretion to allow additional time for service where, for instance, the parties are engaged in settlement discussions.

The court reminds the parties that it strongly prefers to resolve disputes on the merits and not on the basis of procedural gamesmanship. The court is not generally inclined to enter default judgment against a party who has demonstrated an intent to defend against the allegations; similarly, the court finds no reason to dismiss a lawsuit against a defendant who has had notice of the action when there are no impediments to effecting proper service (or waiver of service), even if that service has not yet occurred.

Finally, given the parties' representations that they have been engaged in informal settlement discussions, the court notes that the parties may request a settlement conference conducted by the court.[2] But if the parties wish to pursue either informal or court-moderated mediation, the parties should file a motion to stay relevant case deadlines, as any stay must receive court approval.

## ORDER

For the reasons stated above, the court ORDERS as follows:

1. The court GRANTS the Movants' Motion for Reconsideration (ECF No. 21) and VACATES its previous order deeming service timely and effective. (<u>See</u> ECF No. 11.)

---

[2] The form for this motion is available at: https://www.utd.uscourts.gov/forms/stipulated-motion-judicial-settlement-conference.

      2.      The court GRANTS the Plaintiff's Motion to Amend.  (ECF No. 13.)  The Plaintiff must file an Amended Complaint within 14 days from the date of this Order.

      3.      The court GRANTS the Movant's Motion to Set Aside Default.  (ECF No. 20.)  The court sets aside the default entered against the named Defendants, while noting that this default will in any event be rendered moot by the filing of an Amended Complaint.

      4.      The court DENIES the Plaintiff's Motion for Default Judgment.  (ECF No. 14.)

      5.      The court DENIES the Movant's Motion to Dismiss.  (ECF No. 15.)

      6.      The court extends the time in which the Plaintiff may serve the Defendants.  Within 30 days from the date the Plaintiff files his Amended Complaint, the Plaintiff must file either a proof of service (using the Summons Returned Executed event) indicating that service has been effected under Rule 4 or a Waiver of Service utilizing the appropriate form indicated in this Order.

      7.      The court directs the Clerk of Court to send the Movants a copy of this Order at the email address provided by Movants' counsel.  The Clerk of Court is then instructed to terminate the Movants as parties to this action.  Those parties should appropriately be added as Defendants (and the currently named Defendants terminated) when the Amended Complaint is filed.

      DATED this 27th day of February, 2026.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge