IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RODNEY WARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KETANKUMAR SONI, aka KETAN SONI, aka KK SONI, an individual; and A & A HOSPITALITY, LLC, dba LA QUINTA OREM, a Utah limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION, GRANTING MOTION FOR EXTENSION, AND DENYING MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00703<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

Before the court are three motions filed by Plaintiff Rodney Ward: 1) a motion asking the court to reconsider its previous order (ECF No. 26); 2) a motion for extension of time to file an Amended Complaint (ECF No. 27); and 3) a motion for a judicial settlement conference (ECF No. 42). The Defendants have filed a motion to dismiss.[1] (ECF No. 28.) Although the motions remain pending, Mr. Ward has now filed an Amended Complaint. (ECF No. 38.) For the following reasons, the court grants Mr. Ward's motion for extension of time, denies his motion

[1] In their motion, the Defendants style themselves as the "Moving Parties" because they maintain they have not been served. But because Mr. Ward correctly names these parties in his Amended Complaint, the court refers to them as the Defendants. Defendant Ketankumar Soni recently filed a separate motion to dismiss. (ECF No. 50.) The court's decision in this Memorandum Decision and Order may resolve some of the issues raised in the motion. But before deciding that motion, the court will receive briefing under the regular deadlines set forth by the local rules.

for reconsideration, denies his request for a judicial settlement conference with leave to refile a stipulated motion, and denies the Defendants' motion to dismiss.

## BACKGROUND

On August 20, 2025, Mr. Ward filed a Complaint against Ketan Soni, aka KK Soni, and A&A Hospitality Group, LLC, dba La Quinta Orem, asserting claims for violations of the Fair Labor Standards Act, the Americans with Disabilities Act, and various state law causes of action. (ECF No. 1.) Mr. Ward did not file anything else with the court until February 6, 2026, when he asked the court to enter default against the Defendants and concurrently sought an extension of time for service because he had served the Defendants more than 90 days after filing the Complaint. (ECF Nos. 7 & 8.) Mr. Ward's counsel provided two pieces of evidence in support of his argument that the Defendants had been properly served. First, he submitted an email from the Defendants' counsel, received before the lawsuit was filed, stating: "Yes, I will accept service on behalf on my clients." (Email from Sam Patel to Bret Bryce dated Aug. 1, 2025, ECF No. 9-1.) Second, Mr. Ward's counsel submitted correspondence with the Defendants' counsel concerning the purported service that occurred in November 2025. (ECF No. 9-2.) In an email containing a copy of the summons and Complaint, Mr. Ward's counsel noted that he had missed by one day the 90-day deadline for service set by Rule 4(m) of the Federal Rules of Civil Procedure. (Email from Bret Bryce to Sam Patel dated Nov. 19, 2025, ECF No. 26-2 at 2.) In response, Defendants' counsel wrote: "I appreciate the transparency. I do not intend to object to the timing. I would love an opportunity to sit down and discuss this matter with you. Let me know when you are in St. George next." (Email from Sam Patel to Bret Bryce dated Nov. 20, 2025, ECF No. 9-2.)

The court granted Mr. Ward's motion for an extension and deemed that service was timely and effective. (Order Granting Mot. Extension, Feb. 9, 2026, ECF No. 11.) Because the Defendants had not filed an answer or other response to the Complaint, the court then entered a default certificate against A&A Hospitality Group and Ketan Soni. (ECF No. 12.)

Several motions followed. First, Mr. Ward filed a "Motion to Correct Caption" seeking to correct the name of Ketan Soni to Ketankumar Soni and the name of A&A Hospitality Group, LLC to A & A Hospitality, LLC. (ECF No. 13.) Second, Mr. Ward moved the court to enter default judgment against the Defendants. (ECF No. 14.) Meanwhile, Defendants Ketankumar Soni and A & A Hospitality, LLC, filed a motion to dismiss for insufficient service of process. (ECF No. 15.) These Defendants also filed a motion to set aside the court-entered default (ECF No. 20) and a motion asking the court to reconsider its previous order granting an extension of time for service (ECF No. 21).

On February 27, 2026, the court granted Mr. Ward leave to file an Amended Complaint to correct the names of the Defendants. (Mem. Decision & Order, Feb. 27, 2026, ECF No. 25 at 5.) While the corrections were minor and unlikely to have caused any confusion about the identity of the Defendants (Mr. Ward changed "Ketan Soni aka KK Soni" to "Ketankumar Soni aka Ketan Soni aka KK Soni," and changed "A&A Hospitality Group, LLC, dba La Quinta Orem" to "A & A Hospitality, LLC, dba La Quinta Orem"), they were also necessary corrections, as A&A Hospitality Group, LLC, and A & A Hospitality, LLC, are recognized as separate corporate entities by the Utah Division of Corporations. (See ECF No. 13 at 3.)

The court also granted the Defendants' motion to reconsider its previous order deeming service timely and effective. The court found that Mr. Ward had not filed a proper waiver of

service under Rule 4(d) of the Federal Rules of Civil Procedure. (ECF No. 25 at 3.) As a result, the court set aside the default. (Id. at 4.)

The court denied the Defendants' motion to dismiss the lawsuit, noting that the Defendants had adequate notice of the lawsuit and that the "parties have been engaged in settlement discussions and planned to mediate the dispute in February." (Id. at 3.) The court held that, under Rule 4(m) of the Federal Rules of Civil Procedure, "the court has discretion to allow additional time for service where, for instance, the parties are engaged in settlement discussions." (Id. at 4.)

Finally, the court noted that neither party's procedural arguments were persuasive:

> The court reminds the parties that it strongly prefers to resolve disputes on the merits and not on the basis of procedural gamesmanship. The court is not generally inclined to enter default judgment against a party who has demonstrated an intent to defend against the allegations; similarly, the court finds no reason to dismiss a lawsuit against a defendant who has had notice of the action when there are no impediments to effecting proper service (or waiver of service), even if that service has not yet occurred.

(Id.) The court then ordered Mr. Ward to file an Amended Complaint within 14 days. (Id. at 5.)

On March 13, 2026, the day his Amended Complaint was due, Mr. Ward filed the motion to reconsider and the motion for an extension of time that are now pending. Shortly thereafter, the Defendants moved the court to dismiss this action on the grounds that Mr. Ward failed to comply with the court's order.

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure recognizes the authority of the court to revise "any order or other decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties …." Fed. R. Civ. P. 54(b). And under Rule 60(b), a

party may file a motion asking the court "relieve a party or its legal representative from a[n] … order" for any number of reasons, including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

Rule 16(f) of the Federal Rules of Civil Procedure provides that a court may issue an order imposing sanctions, "including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The sanctions permitted under Rule 37(b)(2)(A) include "dismissing the action …." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Rule 41(b) permits a defendant to move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order …." Fed. R. Civ. P. 41(b).

But "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted). The court "should ordinarily consider a number of factors" when determining whether dismissal is an appropriate sanction, including 1) "the degree of actual prejudice to the defendant;" 2) "the amount of interference with the judicial process;" 3) "the culpability of the litigant;" 4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and 5) "the efficacy of lesser sanctions." Id. at 921 (citations omitted).

## ANALYSIS

The court first addresses Mr. Ward's motion for reconsideration before turning to the other issues raised by the parties.

Mr. Ward maintains that the court should reconsider its previous order setting aside the Defendants' default for several reasons, including: 1) the court did not give Mr. Ward an opportunity to respond to the Defendants' motion; 2) the parties were not, in fact, engaged in

mediation efforts as the Defendants represented; 3) there was no good cause to set aside the default entered against the Defendants; 4) service was valid under the Utah Rules of Civil Procedure; 5) the name discrepancies were minor and did not require an amended complaint; and 6) equitable principles bar the Defendants from challenging the timing or the method of service.

The court agrees that it did not provide Mr. Ward an opportunity to respond to the Defendants' motion to set aside default. But for the reasons stated in the court's previous order, the court found that there were clear defects in service. Additional briefing would have been needless. In any event, the court has now considered the materials that Mr. Ward submitted in support of his motion for reconsideration, and the court finds no evidence or legal argument that persuades the court to alter its original decision.

As a preliminary matter, the court notes that any dispute over whether the parties were engaged in mediation is immaterial to the analysis of whether service was proper. In its order, the court stated that the parties had been "engaged in settlement discussions and planned to mediate the dispute in February." (ECF No. 25 at 3 (citing the Defendants' motion to set aside default).) But the court relied on the Defendants' assertion only in support of its findings that any amended complaint should relate back to the date of the original complaint and any service defects should not result in the dismissal of the lawsuit. (Id. 3–4.) Accordingly, Mr. Ward's assertion that the Defendants were unresponsive to settlement attempts does not provide a basis for reconsideration of the court's previous ruling.

The court is also unpersuaded that it should reconsider its previous ruling that service was not effective. In its order, the court noted that "[n]either the Utah Rules of Civil Procedure nor the Federal Rules of Civil Procedure (which permit, among other methods for serving an individual or an association, that a party may 'follow state law') allow service over email." (Id.

at 2 (citing Utah R. Civ. P. 4(d); Fed. R. Civ. P. 4(e), (h)).) Second, the court observed that "although a party may waive service, Rule 4(d) of the Federal Rules of Civil Procedure contemplates that a party requesting waiver will use 'the waiver form appended to this Rule 4 ….'" (Id. (citing Fed. R. Civ. P. 4(d)(1)(C)).) Accordingly, the court vacated its order deeming service effective and found that there had been no proper service or formal waiver of service. (Id. at 3.)

Mr. Ward maintains that the court failed to consider Rule 4(d)(3)(C)[2] of the Utah Rules of Civil Procedure, which permits an attorney to "accept service of a summons and complaint on behalf of the attorney's client by signing a document that acknowledges receipt of the summons and complaint." Utah R. Civ. P. 4(d)(3)(C). Mr. Ward notes that the Federal Rules of Civil Procedure permit individuals and companies to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); see Fed. R. Civ. P. 4(h)(1)(A) (allowing the same service methods for serving a corporation, partnership, or association). Mr. Ward argues that the federal court must therefore deem an acceptance of service under Utah state law as effective service under federal law.

But Mr. Ward cites no cases supporting this point.[3] And even if the court agreed with Mr. Ward's legal theory about service, service would still be improper because Mr. Ward failed

---

[2] Mr. Ward cites the court to Utah Rule of Civil Procedure 4(C), which does not exist. (See ECF No. 26 at 9.) The court assumes that Mr. Ward intended to cite Rule 4(d)(3)(C).

[3] While the court need not decide this issue, there are several reasons why Mr. Ward's theory is not supported. For instance, the Utah Rules treat acceptance of service as distinct from other methods of service. See Utah R. Civ. P. 4(d) ("Unless service is accepted, service of the summons and complaint must be by one of the following methods[.]"). Moreover, acceptance of service under Utah state law is the analog to waiver of service under federal law. Compare Utah R. Civ. P. 4(d)(3)(A) (noting, as an introduction to the requirements for acceptance of service, that "[a]ll parties have a duty to avoid unnecessary expenses of serving the summons and

to comply with both federal and Utah service rules. First, to the extent the court were to agree that an acceptance of service qualifies as a type of state service under Rule 4(e), Mr. Ward has not provided a server's affidavit to demonstrate proof of service to the court—which is required where a defendant is served under Rule 4(e) or 4(h) rather than where a defendant waives service under the requirements of Rule 4(d). See Fed. R. Civ. P. 4(l)(1) (requiring proof of service by server's affidavit "[u]nless service is waived"). Indeed, Mr. Ward's counsel did not even file a declaration, but merely certified—without stating that he filed that certification under penalty of perjury—that he had sent true and correct copies of the Summons and Complaint to the Defendants' counsel. (See Return of Service, ECF No. 9.)

Second, the email response from Defendants' counsel is insufficiently formal to qualify as a signed document "acknowledg[ing] receipt of the summons and complaint." Utah R. Civ. P. 4(d)(3)(C). The relevant email stated only: "I appreciate the transparency. I do not intend to object to the timing. I would love an opportunity to sit down and discuss this matter with you.

---

complaint"), with Fed. R. Civ. P. 4(d)(1) (noting, as an introduction to the requirements for waiver of service, that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons"). And where a Federal Rule of Civil Procedure is on point, the Federal Rule displaces the state rule. Cf. Berk v. Choy, 607 U.S. 187, 192 (2026) (finding that the requirements of Rule 8 displace a state law that would otherwise require a complaint to be accompanied by an expert affidavit).

Moreover, a ruling that acceptance of service under Utah state law suffices as a type of service cognizable under Federal Rule of Civil Procedure 4(e)(1) would create significant confusion. For instance, a party signing Utah's Acceptance of Service form would have only 21 days to respond to a plaintiff's complaint, rather than the 60 days that are available under the federal waiver rule. See Fed. R. Civ. P. 12(a)(1)(A). And a defendant who refused to sign Utah's Acceptance of Service form would not be liable for the expenses incurred in making service, which is contrary to the federal waiver rule. Compare Utah R. Civ. P. 4(d)(3)(A) (stating that "[a]ll parties have a duty to avoid unnecessary expenses of serving the summons and complaint" but imposing no costs on a defendant who fails to accept service), with Fed. R. Civ. P. 4(d)(2) (imposing expenses on a defendant who fails to return a waiver request without good cause).

Let me know when you are in St. George next." The email does not state: "I acknowledge receipt of the summons and complaint," or some variation thereof. That omission is especially glaring given that Mr. Ward's counsel asked the Defendants' counsel to "confirm receipt and acceptance of service." (Email from Bret Bryce to Sam Patel dated Nov. 19, 2025, ECF No. 26-2 at 2.) The court notes that the Utah State Courts make available an Acceptance of Service form and instruct a plaintiff to use that form when asking a defendant or their lawyer to waive service.[4] The use of the correct form alleviates any doubts about whether a defendant has waived service.

Mr. Ward also objects to what he refers to as the court's "conversion of [his motion to amend] into a Rule 15 amendment." (ECF No. 26 at 10.) Without citing any legal authority, Mr. Ward suggests that "[u]nder misnomer treatment, the caption corrects by order and the original complaint remains operative—no amended complaint or new service is required." (Id.) But Rule 15 of the Federal Rules of Civil Procedure specifically contemplates that a plaintiff will sometimes need to change the name of a defendant and provides the procedural mechanism for doing so: an amended pleading. As the court noted in its previous order, an amendment changing the name of a party in a pleading will relate back to the date of the original pleading when the party to be brought in by amendment "received such notice of the action [within the period provided by Rule 4(m)] that it will not be prejudiced in defending on the merits" and the Party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The court found that these requirements were met and held that the amended complaint would relate back to the

[4] See Utah State Courts, Delivering or Serving Papers (Service of Process), available at: https://www.utcourts.gov/en/self-help/legal-help/procedures/service/service-of-process.html#accordion-4e3d12555f-item-027ca678ce (last accessed Oct. 3, 2026).

date the original complaint was filed. The court therefore continues to find that an amended complaint is the necessary method to correct a misnomer.

Finally, even if the court agreed that Mr. Ward had properly served the Defendants and did not need to file an amended complaint, the court would nevertheless be reluctant to enter default judgment against parties who have appeared and expressed an intent to defend against the merits of the suit. Although the court recognizes the apparent backtracking of the Defendants' counsel, who represented that he was amenable to waiving service but later objected, it is the Plaintiff's burden to show that default judgment is appropriate. And between the defects in service, the misnamed parties, and the Defendants' appearance, Mr. Ward has not persuaded the court to enter default judgment.

Turning to the Defendants' motion to dismiss, dismissal is too harsh a sanction where Mr. Ward asked for a timely, if belated, extension. See Derma Pen, LLC v. 4EverYoung Ltd., 736 F. App'x 741, 745 (10th Cir. 2018) (noting that dispositive sanctions are an "extreme sanction" (quoting Ehrenhaus, 965 F.2d at 921)). The court grants the requested extension and denies the Defendants' motion to dismiss.

The court also denies Mr. Ward's motion for a judicial settlement conference but grants the parties leave to refile a stipulated motion if they choose to pursue mediation. In the court's experience, mediation is only successful where both parties have expressed a willingness to participate.

## ORDER

For the reasons stated above, the court ORDERS as follows:

1. The court DENIES the Plaintiff's Motion for Reconsideration. (ECF No. 26.)

2. The court GRANTS the Plaintiff's Motion for Extension of Time to Amend Complaint. (ECF No. 27.) The court therefore finds that the Amended Complaint (ECF No. 38) was timely filed and is now the operative pleading.

3. The court DENIES the Defendants' Motion to Dismiss. (ECF No. 28.)

4. The court DENIES the Plaintiff's Motion for Judicial Settlement Conference. (ECF No. 42.) The parties may refile the motion as a stipulated motion if they both agree to attempt mediation.

5. The Plaintiff has filed proof of service showing that the Plaintiff served Defendant Ketankumar Soni (ECF No. 49) but has not yet filed proof of service showing that the Plaintiff served Defendant A & A Hospitality, LLC. Within 30 days of the date of this order, the Plaintiff must file either a proof of service (using the Summons Returned Executed event) indicating that service has been effected under Rule 4 or a Waiver of Service using the federal form specified under Rule 4(d).

6. This order does not address Mr. Soni's recently filed Motion to Dismiss. (ECF No. 50.) The Plaintiff must file any response to that motion within 28 days of the date the motion was filed—in other words, by November 4, 2026. See DUCivR 7-1(a)(4)(A)(iii).

DATED this 9th day of October, 2026.

BY THE COURT:

Tena Campbell

Tena Campbell
United States District Judge