IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RODNEY WARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KETANKUMAR SONI, aka KETAN SONI, aka KK SONI, an individual; and A & A HOSPITALITY, LLC, dba LA QUINTA OREM, a Utah limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00703<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

Before the court is a motion to dismiss filed by Defendant Ketankumar Soni on October 7, 2026. (ECF No. 50.) Mr. Soni filed his motion shortly before the court issued an order ruling on several other pending motions. (Mem. Decision & Order, Oct. 9, 2026, ECF No. 51.) The court's order addressed all issues raised in Mr. Soni's motion except one: Mr. Soni maintains that Plaintiff Rodney Ward has not properly stated a claim to hold Mr. Soni individually liable as an employer under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–19. For the following reasons, the court is not persuaded by Mr. Soni's argument and denies the motion.

## BACKGROUND

According to the allegations in his Amended Complaint, Mr. Ward was employed by Defendant A & A Hospitality, LLC dba La Quinta Orem (A & A Hospitality) for approximately eight years between 2016 and 2024. (Am. Compl. ¶ 9, ECF No. 38.) During that time, Mr. Soni

"owned, operated, and exercised day-to-day control over [A & A Hospitality] and its employment practices, including the compensation of employees." (Id. ¶ 2.) Mr. Soni "personally set and controlled work schedules …, directed Plaintiff's work, and was present at the property on a regular basis." (Id. ¶ 17.)

Mr. Ward brings two causes of action against both Defendants under the FLSA: 1) failure to pay overtime wages, and 2) retaliation. (Id. ¶¶ 30–40.) He also asserts a third cause of action, titled "Individual Liability of Ketankumar Soni," in which he alleges that Mr. Soni is "individually liable, jointly and severally with A & A Hospitality, LLC, for all damages recoverable under the FLSA as alleged herein." (Id. ¶ 45.) He further alleges that Mr. Soni "acted willfully in determining not to pay Plaintiff's overtime wages, as evidenced by the issuance of fraudulent W-2 statements designed to conceal Plaintiff's true compensation." (Id. ¶ 43.) Mr. Ward acknowledges that the purported third cause of action "is not an independent statutory cause of action" but merely "states the basis for [Mr.] Soni's individual liability on the preceding claims[.]" (Id. ¶ 45.)

## LEGAL STANDARD

To survive a motion to dismiss, the factual allegations in a complaint must raise a plausible right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56 (2007). A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And while factual allegations asserted in a complaint are accepted as true for purposes of a motion to dismiss, conclusory allegations in a complaint are not entitled to such deference and are insufficient to state a claim. Id.

## ANALYSIS

For purposes of the FLSA, an "'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Tenth Circuit has clarified the contours of this definition. Recognizing the "broad remedial purposes of the FLSA," the Tenth Circuit has adopted an "'economic reality' test to determine the scope of employee coverage under the FLSA in particular cases." Johns v. Stewart, 57 F.3d 1544, 1557–58 (10th Cir. 1995) (citations omitted). This test "includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." Baker v. Flint Eng'g & Constr. Co., 137 F.3d 1436, 1440 (10th Cir. 1998) (citation omitted); Robertson v. Bd. of Cnty. Comm'rs, 78 F. Supp. 2d 1142, 1151 (D. Colo. 1999) (applying economic reality test to determine whether "someone" is "[a]n employer under the [FLSA]").

Assuming the truth of the allegations stated in the Amended Complaint, there is little doubt that Mr. Soni qualifies as an "employer" under this test. As the owner and operator of A & A Hospitality during the relevant time, Mr. Soni set and controlled work schedules, issued W-2 forms, and exercised day-to-day control over A & A Hospitality's employment practices, including the compensation of employees. The economic reality presented by these allegations is that Mr. Soni employed Mr. Ward during the relevant period. Accordingly, Mr. Ward may proceed with his claims for failure to pay overtime wages and retaliation against both A & A Hospitality as an entity and against Mr. Soni as an individual.

In his opposition to Mr. Soni's motion to dismiss, Mr. Ward clarified that he does not seek a separate recovery under his purported third cause of action. (Pl.'s Opp'n, ECF No. 55

at 5.) And in reply, Mr. Soni accepted that clarification and stated that "[n]o separate dismissal ruling is necessary if the Court construes the count accordingly." (Def.'s Reply, ECF No. 56 at 5.) The court agrees that Mr. Ward's third cause of action is not an independent basis for liability. Given this clarification and the parties' statements, and with the understanding that Mr. Ward seeks to hold Mr. Soni individually liable under the FLSA for failure to pay overtime wages and retaliation, the court finds that no further ruling is necessary.

**ORDER**

For the reasons stated above, the court DENIES Mr. Soni's Motion to Dismiss. (ECF No. 50.)

DATED this 23rd day of November, 2026.

BY THE COURT:

Tena Campbell

Tena Campbell
United States District Judge